UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| VICTOR BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SHIP OWNER INVESTMENT CO. NO. 1, | ) Civil Action No: |
| HMM OCEAN SERVICE CO. LTD., and | ) |
| HMM CO. LTD, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

**TO: JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA, SAVANNAH DIVISION:**

COME NOW Defendants SHIP OWNER INVESTMENT CO. NO. 1, HMM OCEAN SERVICE CO. LTD. and HMM CO. LTD. (hereinafter "Removing Defendants") and file this Notice of Removal of the above-styled action from the State Court of Chatham County, Georgia, to the United States District Court for the Southern District of Georgia, Savannah Division.  In support of this removal, Removing Defendants show the following:

1. On April 28, 2022, Plaintiff Victor Berry ("Plaintiff") filed his Complaint in the State Court of Chatham County, Georgia, styled *Victor Berry v. Ship Owner Investment Co. No. 1, HMM Ocean Service Co. Ltd. and HMM Co. Ltd.,* Case No. STCV22-00716 ("State Court Action").  Copies of all process, pleadings, orders, and other documents filed in the State Court Action are attached.

2. Undersigned counsel for Defendants executed an Acknowledgement of Service and Waiver of Summons on behalf of Removing Defendants on July 13, 2022.

1

3. Fewer than thirty (30) days have transpired since receipt by and service on Removing Defendants of the Complaint, and the deadline for Removing Defendants to remove and otherwise respond to the Complaint in the State Court of Chatham County has not passed.

4. The Plaintiff's State Court Action is hereby removed to this Court under 28 U.S.C. § 1441, by virtue of the original jurisdiction this Court enjoys under 28 U.S.C. § 1332(a) (diversity jurisdiction).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

5. This Court enjoys diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiffs and Defendant and more than $75,000.00 is "in controversy," exclusive of costs and interest.

6. As alleged by Plaintiff in his own Complaint, Plaintiff is a citizen of the State of Georgia. (*See* Complaint at ¶ 1).

7. As alleged by Plaintiff in his Complaint, Defendant Ship Owner Investment Co. No. 1 is a foreign corporation (*See* Complaint ¶ 2). Removing Defendant is not incorporated in the State of Georgia but is instead organized under the laws of South Korea and has its principal office and principal place of business in South Korea. (*See* Complaint, ¶ 2) Because Removing Defendant is not incorporated in Georgia and does not have a principal place of business in Georgia, Removing Defendant is not a citizen of the State of Georgia.

8. As alleged by Plaintiff in his Complaint, Defendant HMM Ocean Service Co. Ltd. is a foreign corporation (*See* Complaint ¶ 4). Removing Defendant is not incorporated in the State of Georgia but is instead organized under the laws of South Korea and has its principal office and principal place of business in South Korea. (*See* Complaint, ¶ 4) Because Removing Defendant is not incorporated in Georgia and does not have a principal place of business in Georgia, Removing Defendant is not a citizen of the State of Georgia.

9. As alleged by Plaintiff in his Complaint, Defendant HMM Co. Ltd. is a foreign corporation (*See* Complaint ¶ 6). Removing Defendant is not incorporated in the State of Georgia but is instead organized under the laws of South Korea and has its principal office and principal place of business in South Korea. (*See* Complaint, ¶ 6) Because Removing Defendant is not incorporated in Georgia and does not have a principal place of business in Georgia, Removing Defendant is not a citizen of the State of Georgia.

10. There is complete diversity between Plaintiff and Defendants for the purpose of diversity jurisdiction under 28 U.S.C. §1332.

11. The threshold "amount in controversy" requirement of diversity jurisdiction is also met in this case, as the injuries and categories of claims set forth in the Complaint contemplate damages to Plaintiffs which, if proven and recoverable, will **more likely than not** exceed the threshold amount of $75,000.00, exclusive of interest and costs. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (removal allowed where amount in controversy can "more likely than not be satisfied").

12. The Plaintiff's Complaint fails to set forth a specific damage amount sought, but the types and descriptions of the Plaintiff Victor Berry's injuries lead to the **plausible** conclusion that the "amount in controversy" in the case exceeds the jurisdictional limit of $75,000.00. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014) ("a defendant's notice of removal need include only a **plausible allegation** that the amount in controversy exceeds the jurisdictional threshold.") (Emphasis added).

13. Where, as here, the complaint makes a claim for an unspecified amount of damages, removal to federal court is appropriate if "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*,

269 F.3d 1316, 1319 (11th Cir. 2001) (adopting the Fifth and Ninth Circuits' "facially apparent" approach).

14. It is facially apparent from Plaintiff's Complaint and other pleadings filed of record that the injuries Plaintiff Victor Berry alleges to have sustained lead to the plausible conclusion that more than $75,000.00 is at stake. In that regard, Plaintiff seeks damages for "medical expenses, past, present, and future; lost wages, past, present, and future; **pain and suffering, both physical and emotional,** past, present, and future; and **permanent impairment**" (Complaint at ¶ 22), which are routinely compensated at levels far in excess of $75,000.00.

15. Juries have routinely compensated lower extremity injuries like those complained of by the Plaintiff at levels exceeding $75,000.00 By way of example,[1] in *Hancock v. City of Atlanta*, 2011 WL 9974813 (Ga. Super. Ct., February 25, 2011), a Fulton County, Georgia, jury awarded the plaintiff $1,144,750.00 in a negligence action for injuries to the plaintiff's foot, sustained when she tripped on uneven payment. Of particular note, the jury attributed $2,499.00 to past medical expenses, $125,166.00 to lost wages, and the remaining $1,017,085 to pain and suffering.

16. In *Hobbs v. Noe*, 2010 WL 6635869 (Ga. Super. Ct., May 15, 2010), a Macon County, Georgia, jury awarded the plaintiff $650,000.00 where the plaintiff's primary injuries were fractures to his left foot and right leg sustained in a motor vehicle accident.

17. The Chatham County jury in *Deweese v. Ga. Ports Auth.*, 2012 WL 2335633, 2006-ST-CV-0600147 (Ga. State Ct. 2012), awarded the plaintiff $5.6 million in a case

---

[1] Although the United States Supreme Court ruled in *Dart Cherokee Basin* that no evidence showing the amount in controversy need be presented by defendant in the initial Notice of Removal pleading, 135 S. Ct. at 555, representative awards are nonetheless provided here since this Court, in ascertaining whether the "amount in controversy" criterion is met, may rely upon "judicial experience and common sense" in making its determination. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

involving an individual who sustained injuries to his neck and back while working as a longshoreman in the Port of Savannah.  (*See* Jury Verdict Form, **Exhibit A**).  Mr. Deweese's jury verdict of over $5.6 million dollars arose from injuries that required treatment giving rise to medical expenses of only $87,759.95, meaning the overall jury verdict (which factored in claims for lost wages along with pain and suffering, similar to those sought by Plaintiff in the case at bar) calculates to over **64.5 times** the amount of Mr. Deweese's medical expenses.  Although the dollar amount of Mr. Berry's medical expenses for treatment of his own injuries, permanent impairment and pain and suffering (Complaint, ¶ 22) is not pled in the Complaint or known with specificity at this time, it is certainly plausible that under the significant multiplier applied by the *Deweese* jury, even relatively low medical expenses (irrespective of Plaintiff's separately-pled lost wage claim) would result in an "amount in controversy" above $75,000.00.

18. In light of the injuries and "permanent impairment" (*See* Complaint, ¶ 22) alleged in Plaintiff's Complaint, and the history of jury verdicts in incidents similar to that set forth in the Complaint, it is indeed a "plausible allegation" that the $75,000.00 "amount in controversy" requirement set forth in 28 U.S.C. § 1332(a) is satisfied in the case at bar.

**ALL PROCEDURAL REQUIREMENTS FOR
REMOVAL HAVE BEEN SATISFIED**

19. Venue for this Removal is proper in this Court because the United States District Court for the Southern District of Georgia, Savannah Division, is the federal judicial district embracing the State Court of Chatham County, Georgia, where the State Court Action was originally filed and where the facts and circumstances giving rise to the Plaintiff's injuries are alleged to have transpired.

20. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other documents filed in the State Court Action are attached as **Exhibit B.**

4884-8720-8749 v1

21.     Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days of Acknowledgment of Service of Plaintiff's Complaint on Defendant on July 13, 2022.

22.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed with the Clerk of the State Court of Chatham County, Georgia.

23.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being given to all parties in this case.

**WHEREFORE,** Removing Defendants give notice that the State Court Action has been removed to this Honorable Court.  By this Notice of Removal, Removing Defendants do not waive any defenses or objections they may have to this action; Removing Defendants intend no admission of fact, law, or liability; and Removing Defendants expressly reserve all defenses, motions, and pleas.

This 11th day of August, 2022.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

/s/ Colin A. McRae
Colin A. McRae
Georgia Bar No. 499045
*Attorneys for Defendants Ship Owner Investment Co.*
*No. 1, HMM Ocean Service Co. Ltd. and HMM Co. Ltd.*

Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261
cmcrae@huntermaclean.com

4884-8720-8749 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| VICTOR BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No: |
| SHIP OWNER INVESTMENT CO. NO. 1, | ) |
| HMM OCEAN SERVICE CO. LTD., and | ) |
| HMM CO. LTD, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL** upon all parties to this matter via email and by using the CM/ECF system which will send a notice of electronic filing to the following:

Brent J. Savage, Esq.
Zachary R. Sprouse, Esq.
Savage Turner Pinckney Savage & Sprouse
Post Office Box 10600
Savannah, Georgia 31412
bsavage@savagelawfirm.net
zsprouse@savagelawfirm.net

This 11th day of August, 2022.

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

/s/ Colin A. McRae
Colin A. McRae
Georgia Bar No. 499045
*Attorneys for Defendants Ship Owner Investment Co. No. 1, HMM Ocean Service Co. Ltd and HMM Co. Ltd.*

Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261
cmcrae@huntermaclean.com

4884-8720-8749 v1